We granted certiorari review in this case in order to determine whether the trial court erred in admitting the defendant's statement into evidence.
On April 21, 1990, 16-year-old Keiokee Smith and several friends had an altercation with James Lee, a/k/a "Pickelo," at an apartment complex in Birmingham. Smith and his friends left the apartment complex, but later returned with handguns and at least one shotgun. Pickelo began to run, and Smith and his friends began to fire their weapons.
Jimmy McConico, who was standing near Pickelo, was shot in the back. He died on April 30, 1990, from a gunshot wound to the back. Additionally, he had numerous shotgun pellet wounds on the back of his body. Three witnesses identified Smith as one of the persons at the apartment complex with some type of gun when McConico was shot.
On June 21, 1990, at 10:05 p.m., Smith was in detention at juvenile hall on another matter when Officer Belinda Weldon interviewed him about McConico's death. Officer Weldon advised Smith of his rights as a juvenile pursuant to Rule 11(A), A.R.Juv.P. Specifically, Officer Weldon advised Smith of hisMiranda rights and the right to talk with counsel, a parent, or his guardian and he was told that, if necessary, reasonable means will be provided for him to do so. Smith read and signed a form waiving his rights. He then gave a statement to Officer Weldon concerning McConico's death.
Smith stated that he had gone back to the apartment complex after the altercation with Pickelo and that he had a handgun. He stated that he did not fire his gun at anyone but that he fired shots in the air to scare Pickelo.
The trial court admitted the statement into evidence, over objection. Smith's counsel specifically objected to the admission of the statement because of the late hour at which the statement had been taken and because there had been no telephone in the interrogation room where the statement had been taken. He argued that Smith's waiver of rights was rendered ineffective because of what he called these "coercive factors."
Smith was found guilty of murder. The Court of Criminal Appeals affirmed the judgment in a memorandum opinion. 602 So.2d 1233.
When the State offers in evidence a juvenile's statement, it must show that the juvenile made the statement after being advised of his rights under Rule 11(A), A.R.Juv.P. Ex parteWhisenant, 466 So.2d 1006 (Ala. 1985); Carr v. State,545 So.2d 820 (Ala.Cr.App. 1989). Rule 11(A) *Page 1025 
requires that a juvenile be given the standard Miranda warnings and also requires that he be told that he has the "right to communicate with [his counsel, parent, or guardian if they are not present] and that, if necessary, reasonable means will be provided for him to do so."
 "Miranda [v. State of Arizona] holds that '[t]he defendant may waive effectuation' of the rights conveyed in the warnings 'provided the waiver is made voluntarily, knowingly and intelligently.' " 384 U.S. [436], at 444, 475, 86 S.Ct. [1602], at 1612, 1628 [16 L.Ed.2d 694 (1966)]. The inquiry has two distinct dimensions. Edwards v. Arizona, [451 U.S. 477, 482, 101 S.Ct. 1880, 1883, 68 L.Ed.2d 378
(1981)]; Brewer v. Williams, 430 U.S. 387, 404
[97 S.Ct. 1232, 1242, 51 L.Ed.2d 424] (1977). First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception. Second, the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it. Only if the 'totality of the circumstances surrounding the interrogation' reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the Miranda rights have been waived."
Moran v. Burbine, 475 U.S. 412, 421, 106 S.Ct. 1135, 1140-41,89 L.Ed.2d 410 (1986).
 "The United States Supreme Court has specifically held that the 'totality of the circumstances' test is applicable when determining the admissibility of a juvenile's confession:
 " 'This totality-of-the-circumstances approach is adequate to determine whether there has been a waiver even where interrogation of juveniles is involved. . . . The totality approach permits — indeed it mandates — inquiry into all the circumstances surrounding the interrogation. This includes evaluation of the juvenile's age, experience, education, background, and intelligence, and into whether he has the capacity to understand the warnings given him, the nature of his Fifth Amendment rights, and the consequences of waiving those rights.' "
Carr, 545 So.2d at 822, quoting Fare v. Michael C.,442 U.S. 707, 725, 99 S.Ct. 2560, 2572, 61 L.Ed.2d 197 (1979).
Based on the totality of the circumstances surrounding Smith's interrogation, we conclude that his statement was made voluntarily, knowingly, and intelligently. We cannot say that the interrogation was made "coercive" by the mere fact that it was held after 10:00 p.m. Although there was no telephone in the interrogation room, Smith was told that reasonable means would be provided for him to speak with his parents or with an attorney, if he chose to do so. The lack of a telephone in the immediate area does not create a coercive situation. Smith was informed of his rights, but he did not ask to speak with an attorney or with his parents. He signed a waiver of rights. According to the officer interviewing Smith, Smith appeared to understand his rights. We find no evidence that the interrogation was coercive and no evidence to contradict the State's evidence that Smith voluntarily, knowingly, and intelligently waived his rights.
All other arguments presented by Smith are without merit.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and HOUSTON, JJ., concur.